## FISCHER et al. v. OSTROFSKY et al.

District Court, S. D. New York. May 5, 1926.

Patents ⚫⚖328—1,337,397, claims 1 to 4, for adjustable cap, held valid and infringed.

Fischer patent, No. 1,337,397, claims 1 to 4, for an adjustable cap, held valid and infringed.

In Equity. Patent infringement suit by Philip A. Fischer and another against Harry Ostrofsky and David Ostrofsky, doing business under the name and style of Ostrofsky Bros. Decree for plaintiffs.

See, also, 18 F.(2d) 965.

Pennie, Davis, Marvin & Edmonds, of New York City (W. B. Morton and E. H. Merchant, both of New York City, of counsel), for plaintiffs.

Hervey, Barber & McKee, of New York City (Andrew Foulds, Jr., of New York City, of counsel), for defendants.

WINSLOW, District Judge. This is an action for infringement of patent to Philip A. Fischer, No. 1,337,397, patented April 20, 1920, on an adjustable cap. There is no question as to the plaintiffs' title, or their right to maintain this action. The only questions before the court are the validity of the patent and the infringement, if any, by the defendants' structure.

Claim 1 of the Fischer patent includes four elements:

(1) A visor.

(2) A crown provided with an extension lying below the edge to which the visor is attached.

(3) Means on each side of the cap associated over the extension and passing upwardly over the visor.

(4) Means for adjustably connecting the said means together to permit the size of the cap to be altered.

Claim 2 is the same as claim 1, except that it specifies "straps" in place of the "means" constituting the third element of claim 1.

Claim 3 is similar to claim 2, except that it specifies that the width of the straps is substantially equal to the width of the extension.

Claim 4 differs from claim 2, in that it specifies that the visor terminates on each side of the cap a short distance in advance of the front edge of the projecting rear portion of the crown. The distinctions between these several claims are dependent upon the more detailed specifications of the four elements which are essential elements of the adjustable cap under plaintiffs' patent.

A mere comparison of plaintiffs' cap and defendants' cap discloses that they are identical in structure. The only possible difference is by the substitution or addition of pleats (or "plaits") for the gores shown in the Fischer patent at the sides of the cap above the adjustable rim or band of the cap. The purpose of both the gore of Fischer's patent and the pleat of defendants' patent is the same—merely to shape the crown of the cap. Neither of these features is new in shaping garments. Not only is the method of operation of the two structures identical, as appears by the visualization thereof, but the specifications of defendants' patent confirm that conclusion.

Translating plaintiffs' claims into simple language, plaintiffs extend the rear portion of the cap below the front portion, and then this lower edge of the rear portion of the cap is extended forward by means of straps. These straps are extended over the visor by means of a buckle or other fastening means, which extensions are hidden by the overlapping fullness of the visor, not detracting from the appearance of the cap, but making it readily adjustable to the size of the head. None of the patents cited by defendants show anticipation; none of them accomplish the object sought of adjustability to the size of the head, without corresponding disadvantages which made them commercially unsuccessful.

The plaintiffs' structure, in which the lower rear edge of the crown is below the edge to which the visor is attached, with the adjustable straps extending to the front, although exceedingly simple, was an advance over the prior art. The defendants' pleats may possibly be a minor improvement, but they do not escape the claims of plaintiffs' patent. The claims are explicit and simple, and their meaning is plain.

The defendants, the owners of the so-call-

ed Ostrove patent issued in 1924, formerly manufactured caps as contractors under plaintiffs' patent from 1920 to 1923. It is quite apparent that they deliberately adopted plaintiffs' patented structure in all of its essential elements.

A decree will be for the plaintiffs, sustaining plaintiffs' patent on the several claims, and adjudging that the defendants have infringed.